**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERIC MYRIECKES, | : | |
| Petitioner, | : | Civil No. 10-5118 (RMB) |
| v. | : | **O P I N I O N** |
| DONNA ZICKEFOOSE, | : | |
| Respondent. | : | |

**APPEARANCES:**

Eric Myrieckes, Pro Se
#11013-068
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

**BUMB, District Judge**

Petitioner, Eric Myrieckes, confined at the Federal Correctional Institution ("FCI"), Fort Dix, New Jersey, at the time he filed this petition, seeks to bring this "Action to Compel An Officer of the United States to Perform Duties," and asserts violations of his constitutional rights. Approximately fifteen days after filing his petition, Petitioner filed a letter with the Court notifying the Court that he was scheduled to be transferred to a different prison. One month after that, he

1

filed a notice of address change with the Court.

Petitioner has filed neither an application to proceed <u>in forma pauperis</u>, nor the $350.00 filing fee.  For this reason, his petition must be administratively terminated for failure to pay the filing fee or to apply to proceed <u>in forma pauperis</u>. Petitioner may submit the fee or <u>in forma pauperis</u> application, which will be provided by the Court, to have his action reopened.[1]  However, the Court adds the following, concerning the

---

[1] A prisoner bringing a civil action <u>in forma pauperis</u> must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  <u>See</u> <u>id.</u>

Even if the prisoner is granted <u>in forma pauperis</u> status, the prisoner must pay the full amount of the $350 filing fee. <u>See</u>  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Petitioner may not have known when he submitted his petition that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the prisoner will not get his filing fee back.

Finally, Petitioner should know that if he has, on three or

merits of the petition.

## BACKGROUND

Petitioner seeks a writ of mandamus compelling respondent Zickefoose, the warden of the FCI Fort Dix to act. Petitioner complains that while housed in the Special Housing Unit ("SHU") at FCI Fort Dix, his constitutional rights are violated because of limitations placed on purchasing certain items. He asks this Court to direct Respondent to allow him:

> ... access to purchase safety pens and paper, or be supplied a safety pen and enough paper to handle his legal and family obligations. Petitioner seeks a reasonable rotation and amount of time in the law library with proper working equipment and a law clerk. Petitioner seeks access to purchase regular envelopes and legal envelopes or to be supplied them for his law briefs. And all other reasonable remedies- attorney call, family call, notary- and equal protection under the law.

Petition, ¶ 11.

## DISCUSSION

A petition for writ of mandamus is subject to screening pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See,

---

more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

e.g., Martin v. Grimshaw, 198 F.3d 248 (Table), 1999 WL 1021705 (6th Cir. 1999) (mandamus action under § 1631 is a "civil action" for purposes of Prison Litigation Reform Act); In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA applies to mandamus petitions that seek relief analogous to civil rights complaints). In this case, Petitioner has not submitted the $350.00 filing fee, or a request to proceed in forma pauperis. Therefore, his case must be administratively terminated.

Alternatively, for the reasons set forth below, the Court concludes that the mandamus petition is otherwise subject to dismissal. See Thompson v. Sheriff of Broward County, 2007 WL 419352 (S.D. Fla. Feb. 5, 2007) (collecting cases). Cf. Madden v. Myers, 102 F.3d 74, 76-66 n.2 (3d Cir. 1996) (declining to decide whether PLRA applies to § 1361 mandamus petitions) with Franco v. Bureau of Prisons, 207 Fed. Appx. 145, 2006 WL 3521880 (3d Cir. 2006) (affirming district court dismissal under 28 U.S.C. § 1915(e)(2) of motion for § 1361 writ of mandamus against Bureau of Prisons, and dismissing appeal under § 1915(e)(2)(B)).

    1.   Mootness

Petitioner has not asked for monetary relief. Thus, Petitioner's transfer to another facility renders his claims moot. Federal courts are not empowered to decide moot issues. See U.S. CONST. art. III, § 2, cl. 1.; Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001)(citing North Carolina v. Rice, 404 U.S. 244,

246 (1971)).  To avoid mootness, a controversy must exist at all stages of review.  See id. (citing New Jersey Turnpike Auth. V. Jersey Central Power & Light, 772 F.2d 25, 31 (3d Cir. 1985)).  "Mootness has two aspects:  (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome."  Id. (quoting New Jersey Turnpike Auth., 772 F.2d at 31).  In the instant case, as Petitioner does not seek monetary relief, he cannot be afforded the relief he seeks due to his transfer to another facility.  Thus, the issues are no longer "live" and a controversy no longer exists, and the petition is subject to dismissal as moot.

    2.   Mandamus

Pursuant to 28 U.S.C. § 1361:  "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus, however, is an extraordinary remedy.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Certain conditions must be met before mandamus relief is granted.  "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'"  Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted).  Thus, mandamus is available

to Petitioner here only if he shows that he has a clear right to the relief sought, that the Respondent has a clear duty to perform, and that no other adequate remedy is available.

Petitioner cannot meet this standard.  Specifically, Petitioner cannot demonstrate that no other adequate remedy is available.  Petitioner's complaints in his mandamus petition deal with the conditions of his confinement in the SHU, in particular, his inability to acquire materials to access the courts.  Federal prisoners asserting such claims may file a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971). Under Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.  In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.[2]  See

---

[2] Bivens actions are analogous to suits under 42 U.S.C. § 1983 against state officials who violate federal constitutional or statutory rights.  The two bodies of law are not "precisely parallel;" however, there is a "general trend" to incorporate § 1983 law into Bivens suits.  See  Egervary v. Rooney, 80 F. Supp. 2d 491 (E.D. Pa. 2000) (citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

Therefore, because Petitioner had an adequate remedy under Bivens, his petition for a writ of mandamus is subject to dismissal.

3.  Merits

Finally, it appears that Petitioner's petition is unlikely to withstand sua sponte screening on its merits. First, although Petitioner complains that he is not adequately supplied with what he needs to access the courts, Petitioner does admit that he is provided two envelopes once a week, four sheets of paper, 30-45 minutes in the law library at a time, and a typewriter, albeit, in less that desirable condition. While photocopy requests are delayed, Petitioner was able, or "forced," as he puts it, to mail out his civil action ("without the proper number of copies to the court"). (Petition, ¶ 10).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

7

assistance from persons trained in the law."  The right of access to the courts is not, however, unlimited.  "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury."  See Lewis, 518 U.S. at 348-55 and n.3 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).

Here, Petitioner has not shown actual injury, or his inability to file any legal actions to attack his sentence or challenge the conditions of his confinement.  Therefore, he has not alleged facts indicating an access to courts violation.

**CONCLUSION**

Accordingly, for the reasons set forth above, the petition must be administratively terminated for failure to pay the filing fee. Moreover, this Court's review of the petition reveals that his request for a writ of mandamus is also subject to dismissal.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: July 14, 2011